UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAURICE WILLIAMS,<br><br>        Plaintiff,<br><br>    vs.<br><br>CITY OF CHICAGO,<br>Chicago Police Officers<br>KEVIN EBERLE, Star 20817,<br>BRIAN FORBERG, Star 21249,<br>THOMAS KELLY, Star 20229, and<br>JOHN FOSTER, Star 20288,<br><br>        Defendants. | **FILED: MAY 21, 2008**<br>No. **08CV2936        AEE**<br><br>Judge **JUDGE DER-YEGHIAYAN**<br>Magistrate Judge **MAGISTRATE JUDGE DENLOW**<br><br>Jury Demand |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Chicago, Illinois.

5. Defendant-Officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

### Facts

8. On May 22, 2006, at about 9:40 pm, Plaintiff MAURICE WILLIAMS was a passenger in a car driving westbound on 70th Avenue near Prairie Avenue in Chicago, Illinois.

9. At said time and place, Defendant-Officers EBERLE and FORBERG were on patrol.

10. Defendants EBERLE and FORBERG curbed Plaintiff's car at or near 244 East 70th Street.

11. Plaintiff exited the car and ran from the scene.

12. At this time while Plaintiff was running, Plaintiff did not have any weapons on him.

13. Defendants EBERLE and FORBERG chased Plaintiff.

14. Plaintiff ran east on 70th Street as Defendants EBERLE and FORBERG gave chase.

15. Defendants EBERLE and FORBERG fired multiple rounds at Plaintiff as he ran.

16. Plaintiff was shot twice by Defendants EBERLE and FORBERG.

17. Plaintiff was eventually taken into custody at or near 6923 South Prairie.

18. No guns were recovered from Plaintiff when he was taken into custody. No guns were recovered in the vicinity of 6923 South Prairie.

19. An ambulance was called because of Plaintiff's gunshot wounds and injuries.

20. An ambulance came and transported Plaintiff to Christ Hospital.

21. Plaintiff had surgery at Christ Hospital.

22. Defendants EBERLE, FORBERG, KELLY and FOSTER acted together to cover up and justify the shooting of Plaintiff.

23. Defendant FOSTER testified at a "round table" that he rode in the ambulance with Plaintiff. FOSTER falsely claimed that Plaintiff stated that he pointed a "long gun" and a handgun at Defendants EBERLE and FORBERG.

24. KELLY met with Plaintiff at Christ Hospital. Defendant KELLY falsely claimed that the Plaintiff admitted to pointing a rifle and a handgun at Defendants EBERLE and FORBERG.

25. Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

26. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of physical liberty, emotional distress, physical pain and suffering, and pecuniary damages including medical expenses.

## COUNT I
### (42 U.S.C. § 1983 – Excessive Force)

27.     Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

28.     Defendants EBERLE and FORBERG violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant-Officers EBERLE and FORBERG,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Civil Conspiracy)

29.     Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

30.     Defendant-Officers EBERLE, FORBERG, KELLY and FOSTER knowingly and intentionally schemed and worked together in a common plan to justify the excessive force used against Plaintiff

31.     Defendant made out false and incomplete official reports and gave a false and incomplete version of the event to other police officers investigating the incident in order to cover up their own misconduct.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant-Officers,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – *Monell* Claim against the CITY OF CHICAGO)

32.     Plaintiff realleges all of the above paragraphs and counts, as if fully set forth herein.

33. At all times material to this Complaint, there existed in the City of Chicago the following practices, policies and customs:

    a. arbitrary use of excessive force against suspects, arrestees, detainees and other civilians,

    b. preparing false and incomplete police reports, and/or not preparing police reports, to cover up police misconduct including unconstitutional searches and seizures,

    c. a *code of silence* in which police officers fail to report police misconduct,

    d. said *code of silence* also includes police officers either remaining silent or giving false and misleading information during trials and official investigations to cover up misconduct, and protect themselves and other officers,

    e. failure to adequately train, supervise and discipline police officers in the categories and fields of police work addressed above,

    f. failure to adequately investigate citizen complaints against police officers,

    g. failure to adequately discipline police officers for misconduct,

    h. through the Office of Professional Standards (OPS), conducting inadequate and deficient investigations of citizen complaints of police misconduct in which an officer is rarely disciplined, thereby encouraging even more police misconduct, and

    i. inadequate and deficient investigations of officers who use deadly force, thereby failing to deter improper use of deadly force and encouraging even more police misconduct.

34. The actions of the Defendant-Officers as alleged in this Complaint were done pursuant to, and as a result of, one or more of the above *de facto* practices, policies and customs of the CITY OF CHICAGO, the Chicago Police Department, and its police officers.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant CITY OF CHICAGO,

b) Award Plaintiff compensatory damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

35. The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

36. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Lawrence V. Jackowiak
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595