**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MAURICE WILLIAMS, | ) | |
| | ) | **No.    07 C 3387** |
| Plaintiff, | ) | |
| | ) | JUDGE DER-YEGHIAYAN |
| v. | ) | |
| | ) | Magistrate Judge Denlow |
| CITY OF CHICAGO, Chicago Police Officers | ) | |
| KEVIN EBERLE, Star 20817, BRIAN FORBERG, | ) | |
| Star 21249, THOMAS KELLY, Star 20229, and | ) | JURY DEMAND |
| JOHN FOSTER, Star 20288, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND**
**JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant, City of Chicago, ("City") by Mara S. Georges, Corporation Counsel for the City of Chicago, for its answer, defenses and jury demand to Plaintiff's complaint, states as follows:

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983.

**ANSWER:** The City admits the allegations contained in this paragraph.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

**ANSWER:** The City admits the allegations contained in this paragraph.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**ANSWER:** The City admits that venue is proper as alleged in Plaintiff's complaint but denies any wrongdoing alleged in the complaint against the City.

**Parties**

4. Plaintiff is a resident of Chicago, Illinois.

**ANSWER:** The City admits, upon information and belief and according to Chicago Police Department ("CPD") documents, that Plaintiff's residence was listed as being in Chicago, Illinois on the date of May 22, 2006. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph at the present time.

5. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:** The City, upon information and belief and according to CPD records, admits the allegations contained in this paragraph.

6. The Defendant-Officers are sued in their individual capacities.

**ANSWER:** The City, upon information and belief and according to Plaintiff's complaint, admits the allegations contained in this paragraph.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:** The City admits that it is a municipal corporation, duly incorporated under the laws of the State of Illinois, and that it is an employer of the Defendant Officers. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph at the present time.

**Facts**

8. On May 22, 2006, at about 9:40 pm, Plaintiff MAURICE WILLIAMS was a passenger in a car driving westbound on 70th Avenue near Prairie Avenue in Chicago, Illinois.

**ANSWER:** The City admits that, according to CPD records, that Plaintiff was inside of a car in the vicinity of 70th Street and Prairie Avenue in Chicago, Illinois at some point on the night of May

22, 2006. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph at the present time.

9. At said time and place, Defendant-Officers EBERLE and FORBERG were on patrol.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at the present time.

10. Defendants EBERLE and FORBERG curbed Plaintiff's car at or near 244 East 70th Street.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at the present time.

11. Plaintiff exited the car and ran from the scene.

**ANSWER:** The City admits the allegations contained in this paragraph, according to CPD records.

12. At this time, while Plaintiff was running, Plaintiff did not have any weapons on him.

**ANSWER:** The City, upon reviewing CPD records, denies the allegations contained in this paragraph.

13. Defendants EBERLE and FORBERG chased Plaintiff.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at the present time.

14. Plaintiff ran east on 70th Street as Defendants EBERLE and FORBERG gave chase.

**ANSWER:** The City admits, upon reviewing CPD records, that Plaintiff ran eastbound on 70th Street. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph at the present time.

15. Defendants EBERLE and FORBERG fired multiple rounds at Plaintiff as he ran.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at the present time.

16. Plaintiff was shot twice by Defendants EBERLE and FORBERG.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at the present time.

17. Plaintiff was eventually taken into custody at or near 6923 South Prairie.

**ANSWER:** The City, upon reviewing CPD records, admits the allegations contained in this paragraph.

18. No guns were recovered from Plaintiff when he was taken into custody. No guns were recovered in the vicinity of 6923 South Prairie.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at the present time.

19. An ambulance was called because of Plaintiff's gunshot wounds and injuries.

**ANSWER:** The City admits, according to CPD records, that Plaintiff sustained gunshot wounds. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph at the present time.

20. An ambulance came and transported Plaintiff to Christ Hospital.

**ANSWER:** The City admits, upon reviewing CPD records, that Plaintiff was transported to Christ Hospital. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph at the present time.

21. Plaintiff had surgery at Christ Hospital.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at the present time.

22. Defendants EBERLE, FORBERG, KELLY and FOSTER acted together to cover up and justify the shooting of Plaintiff.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at the present time.

23. Defendant FOSTER testified at a "round table" that he rode in the ambulance with Plaintiff. FOSTER falsely claimed that Plaintiff stated that he pointed a "long gun" and a handgun at Defendants EBERLE and FORBERG.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at the present time.

24. KELLY met with Plaintiff at Christ Hospital. Defendant KELLY falsely claimed that the Plaintiff admitted to pointing a rifle and a handgun at Defendants EBERLE and FORBERG.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at the present time.

25. Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at the present time.

26. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, and pecuniary damages including medical expenses.

**ANSWER:** The City denies the allegations in this paragraph as they pertain to the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining

5

allegations contained in this paragraph at the present time.

## COUNT I
### (42 U.S.C. § 1983 - Excessive Force)

27. Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

**ANSWER:** The City's answers to paragraphs 1 through 26 are incorporated herein.

28. Defendants EBERLE and FORBERG violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at the present time.

## COUNT II
### (42 U.S.C. § 1983 – Civil Conspiracy)

29. Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

**ANSWER:** The City's answers to paragraphs 1 through 26 are incorporated herein.

30. Defendants EBERLE, FORBERG, KELLY and FOSTER knowingly and intentionally schemed and worked together in a common plan to justify the excessive force used against Plaintiff.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at the present time.

31. Defendant made out false and incomplete official reports and gave a false and incomplete version of the event to other police officers investigating the incident in order to cover up their own misconduct.

**ANSWER:** The City denies the allegations in this paragraph as they pertain to the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph at the present time.

# COUNT III

### (42 U.S.C. § 1983 – *Monell* Claim against the CITY OF CHICAGO)

32. Plaintiff realleges all of the above paragraphs and counts, as if fully set forth herein.

**ANSWER:** The City's answers to paragraphs 1 through 31 are incorporated herein.

33. At all times material to this Complaint, there existed in the City of Chicago the following practices, policies, and customs:

   a. arbitrary use of excessive force against suspects, arrestees, detainees and other civilians,

   b. preparing false and incomplete police reports, and/or not preparing police reports, to cover up police misconduct including unconstitutional searches and seizures,

   c. a *code of silence* in which police officers fail to report police misconduct,

   d. said *code of silence* also includes police officers either remaining silent or giving false and misleading information during trials and official investigations to cover up misconduct, and protect themselves and other officers,

   e. failure to adequately train, supervise and discipline police officers in the categories and fields of police work addressed above,

   f. failure to adequately investigate citizen complaints against police officers,

   g. failure to adequately discipline police officers for misconduct,

   h. through the Office of Professional Standards (OPS), conducting inadequate and deficient investigations of citizen complaints of police misconduct in which an officer is rarely disciplined, thereby encouraging even more police misconduct, and

   I. inadequate and deficient investigations of officers who use deadly force, thereby failing to deter improper use of deadly force and encouraging even more police misconduct.

**ANSWER:** The City denies the allegations contained in this paragraph and its subparagraphs.

34. The actions of the Defendant-Officers as alleged in this Complaint were done pursuant to, and a result of, one or more of the above *de facto* practices, policies and customs of the CITY OF CHICAGO, the Chicago Police Department, and its police officers.

**ANSWER:** The City denies the allegations contained in this paragraph.

## COUNT VII
### (Indemnification Claim Pursuant to 745 ILCS 10/9-102)

35. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER:** The City admits, upon information and belief and according to CPD records, that the Defendant Officers acted within the scope of their employment at all times relevant to Plaintiff's complaint. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph at the present time.

36. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the Defendant-Officers' actions.

**ANSWER:** The City denies that Plaintiff has correctly, accurately or completely stated the nature of the City's liability under Illinois law, if any.

WHEREFORE, Defendant City of Chicago prays that this Court enter judgment in its favor on Plaintiff's complaint, award the City such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

### JURY DEMAND

Defendant City of Chicago respectfully requests a trial by jury.

### AFFIRMATIVE DEFENSES

1. The City is not liable to Plaintiff if its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109 (1994).

2. To the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the

8

execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202 (1994).

3. The City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (1994).

4. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiffs must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. See Poole v. City of Rolling Meadows, 167 Ill. 2d 41, 656 N.E. 2d 768, 212 Ill. Dec. 171 (1995).

5. To the extent that Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff have a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

6. Under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), the City is not liable under Section 1983 for its employees' misconduct.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel
City of Chicago

By: /s/ Thomas J. Aumann
THOMAS J. AUMANN
Assistant Corporation Counsel

City of Chicago, Department of Law
Federal Civil Rights Litigation Division
30 North LaSalle Street, Suite 900
Chicago, Illinois  60602
(312) 744-7630 (phone)
(312) 744-6566 (fax)
Attorney No.  06282455

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE WILLIAMS, | ) | |
| | ) | No.    07 C 3387 |
| Plaintiff, | ) | |
| | ) | JUDGE DER-YEGHIAYAN |
| v. | ) | |
| | ) | Magistrate Judge Denlow |
| CITY OF CHICAGO, Chicago Police Officers | ) | |
| KEVIN EBERLE, Star 20817, BRIAN FORBERG, | ) | |
| Star 21249, THOMAS KELLY, Star 20229, and | ) | JURY DEMAND |
| JOHN FOSTER, Star 20288, | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF FILING AND CERTIFICATE OF SERVICE

To:   Lawrence V. Jackowiak                              Julia Bruce
      Law Offices of Lawrence V. Jackowiak    Assistant Corporation Counsel
      20 North Clark Street                                    30 North LaSalle Street
      Suite 1700                                                       Suite 900
      Chicago, Illinois  60602                                 Chicago, Illinois 60602
      jackowiaklawoffice@yahoo.com                julia.bruce@cityofchicago.org

   PLEASE TAKE NOTICE that on December 30, 2009, the City of Chicago will file its answer, defenses and jury demand to Plaintiff's complaint, with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division.  A copy of that document is herewith served upon you.

   I hereby certify that I have served this notice and the attached document by causing it to be delivered, via electronic filing, to the person named above at the address shown this 30th day of December, 2009.

                                                Respectfully submitted,

                                                MARA S. GEORGES
                                                Corporation Counsel
                                                City of Chicago

                                By:     /s/ Thomas J. Aumann
                                         THOMAS J. AUMANN
                                         Assistant Corporation Counsel

City of Chicago, Department of Law
Federal Civil Rights Litigation Division
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-7630 (phone)
(312) 744-6566 (fax)
Attorney No. 06282455