**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MAURICE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 08 C 2936 |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | JUDGE DER-YEGHIAYAN |
| Chicago Police Officers | ) | |
| KEVIN EBERLE, Star 20817, | ) | Magistrate Judge Denlow |
| BRIAN FORBERG, Star 21249, | ) | |
| THOMAS KELLY, Star 20229, and | ) | |
| JOHN FOSTER, Star 20288, | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

**DEFENDANT OFFICERS' ANSWER, AFFIRMATIVE DEFENSES**
**AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendants, Chicago Police Detectives Kevin Eberle, Brian Forberg, John Foster, and retired Chicago Police Detective Thomas Kelly, (referred to herein collectively as "Defendant Officers"), by one of their attorneys, Julia S. Bruce, Assistant Corporation Counsel, for their Answer, Affirmative Defenses and Jury Demand to Plaintiff's Complaint, state:

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983.

**ANSWER:**      **Defendant Officers admit the allegations contained in this paragraph.**

2.      Jurisdiction for Plaintiffs federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

**ANSWER:**      **Defendant Officers admit that jurisdiction is proper but deny that they engaged in any wrongful or illegal conduct.**

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

1

**ANSWER:    Defendant Officers admit that venue is proper but deny that they engaged in any wrongful or illegal conduct.**

### Parties

4.    Plaintiff is a resident of Chicago, Illinois.

**ANSWER:    Upon information and belief, Defendant Officers admit the allegations contained in this paragraph.**

5.    Defendant-officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:    Defendant Officers admit the allegations contained in this paragraph.**

6.    The Defendant-Officers are sued in their individual capacities.

**ANSWER:    Defendant Officers admit the allegations contained in this paragraph.**

7.    Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:    Defendant Officers admit the allegations contained in this paragraph.**

### Facts

8.    On May 22, 2006, at about 9:40 pm, Plaintiff MAURICE WILLIAMS was a passenger in a car driving westbound on 70th Avenue near Prairie Avenue in Chicago, Illinois.

**ANSWER:    Defendant Officers admit the allegations contained in this paragraph.**

9.    At said time and place, Defendant-Officers EBERLE and FORBERG were on patrol.

**ANSWER:    Defendant Officers admit the allegations contained in this paragraph.**

10.    Defendants EBERLE and FORBERG curbed Plaintiff's car at or near 244 East 70th Street.

**ANSWER:    Defendant Officers admit that Defendants Eberle and Forberg curbed**

Plaintiff's vehicle on the 200 block of East 70th Street.

11.    Plaintiff exited the car and ran from the scene.

**ANSWER:    Defendant Officers admit that at some point Plaintiff exited the vehicle and pointed a rifle in the direction of Defendants Eberle and Forberg. Defendant Officers admit that Plaintiff ran from the vehicle while pointing a rifle at Defendants Eberle and Forberg. Defendant Officers deny any remaining allegations contained in this paragraph.**

12.    At this time while Plaintiff was running, Plaintiff did not have any weapons on him

**ANSWER:    Defendant Officers deny the allegations contained in this paragraph.**

13.    Defendants EBERLE and FORBERG chased Plaintiff.

**ANSWER:    Defendant Officers admit the allegations contained in this paragraph.**

14.    Plaintiff ran east on 70th Street as Defendants EBERLE and FORBERG gave chase.

**ANSWER:    Defendant Officers admit the allegations contained in this paragraph.**

15.    Defendants EBERLE and FORBERG fired multiple rounds at Plaintiff as he ran.

**ANSWER:    Defendant Officers admit that after Plaintiff pointed a handgun at Defendants Eberle and Forberg, and in fear for their lives, Defendants Eberle and Forberg fired in the direction of Plaintiff.**

16.    Plaintiff was shot twice by Defendants EBERLE and FORBERG.

**ANSWER:    Defendant Officers deny the chronology implied by the preceding paragraph. Defendant Officers admit Plaintiff was shot twice. Defendant Officers are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.**

17.    Plaintiff was eventually taken into custody at or near 6923 South Prairie.

**ANSWER:** **Defendant Officers admit the allegations contained in this paragraph.**

18.     No guns were recovered from Plaintiff when he was taken into custody.  No guns were recovered in the vicinity of 6923 South Prairie.

**ANSWER:** **Defendant Officers admit the allegations contained in this paragraph.**

19.     An ambulance was called because of Plaintiff's gunshot wounds and injuries.

**ANSWER:** **Defendant Officers admit the allegations contained in this paragraph.**

20.     An ambulance came and transported Plaintiff to Christ Hospital.

**ANSWER:** **Defendant Officers admit the allegations contained in this paragraph.**

21.     Plaintiff had surgery at Christ Hospital.

**ANSWER:** **Upon information and belief, Defendant Officers admit the allegations contained in this paragraph.**

22.     Defendants EBERLE, FORBERG, KELLY and FOSTER acted together to cover up and justify the shooting of Plaintiff.

**ANSWER:** **Defendant Officers deny the allegations contained in this paragraph.**

23.     Defendant FOSTER testified at a "round table" that he rode in the ambulance with Plaintiff.  FOSTER falsely claimed that Plaintiff stated that he pointed a "long gun" and a handgun at Defendants EBERLE and FORBERG.

**ANSWER:** **Defendant Officers admit that Defendant Foster rode in the ambulance with Plaintiff.  Defendant Officers deny the remaining allegations contained in this paragraph.**

24.     KELLY met with Plaintiff at Christ Hospital.  Defendant KELLY falsely claimed that the Plaintiff admitted to pointing a rifle and a handgun at Defendants EBERLE and FORBERG.

**ANSWER:** **Defendant Officers admit that at some point Defendant Kelly met with Plaintiff at Christ Hospital.  Defendant Officers deny the remaining allegations contained in this paragraph.**

4

25.     Each individual Defendant-Officer acted willfully, wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

**ANSWER:** **Defendant Officers deny the allegations contained in this paragraph.**

26.     As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of physical liberty, emotional distress, physical pain and suffering, and pecuniary damages including medical expenses.

**ANSWER:** **Defendant Officers deny the allegations contained in this paragraph.**

### COUNT I
### (42 U.S.C. § 1983 - Excessive Force)

27.     Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

**ANSWER:** **Defendant Officers restate their answers to paragraphs 1 through 26 as if fully set forth herein.**

28.     Defendants EBERLE and FORBERG violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:** **Defendant Officers deny the allegations contained in this paragraph.**

**WHEREFORE,** Defendant Officers respectfully request that judgment be entered in their favor on this Count and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

### COUNT II
### (42 U.S.C. ' 1983 - Civil Conspiracy)

29.     Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein

**ANSWER:** **Defendants restate their answers to paragraphs 1 through 26 as if fully set forth herein.**

30.     Defendant-Officers EBERLE, FORBERG, KELLY AND FOSTER knowingly and intentionally schemed and worked together in a common plan to justify the excessive force used

against Plaintiff.

**ANSWER:** **Defendant Officers deny the allegations contained in this paragraph.**

31. Defendant made out false and incomplete official reports and gave a false and incomplete version of the event to other police officers investigating the incident in order to cover up their own misconduct.

**ANSWER:** **Defendant Officers deny the allegations contained in this paragraph.**

**WHEREFORE,** Defendant Officers respectfully request that judgment be entered in their favor on this Count and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT III
### (42 U.S.C. § 1983 - *Monell* Claim against the CITY OF CHICAGO)

Defendant Officers make no answer to the allegations contained in Count IV as Count IV is only directed against Defendant City of Chicago.

## COUNT IV
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

Defendant Officers make no answer to the allegations contained in Count IV as Count IV is only directed against Defendant City of Chicago.

## AFFIRMATIVE DEFENSES

1. At all times relevant to the events alleged in Plaintiff=s Complaint, a reasonably competent police officer, objectively viewing the facts and circumstances then confronting Defendants, could have believed that the actions taken by them were objectively reasonable and were within constitutional limits that were clearly established at the time. Defendants, therefore, are entitled to qualified immunity as a matter of law.

2. Where Defendants may be liable in damages, the total amount of damages to which

6

Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the willful and wanton or other wrongful conduct of Plaintiff=s which were the proximate cause of these injuries and damages.

3.     Under the Illinois Tort Immunity Act, the Defendants are not liable for the claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct.  745 ILCS 10/2-202.

4.     Under the Illinois Tort Immunity Act, the Defendants are not liable for the allegations because a public employee, as such and acting within the scope of his or her employment, is not liable for any injury caused by the act or omission of another person.  745 ILCS 10/2-204.

5.     Under the Illinois Tort Immunity Act, Defendants are not liable for any of the claims alleged because the decision as to what action to take with regard to the Plaintiff was a discretionary decision for which the City and its employees are immune from liability.  745 ILCS 10/2-201.

6.     To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

7

## **JURY DEMAND**

Defendants request a trial by jury.

Respectfully submitted,

/s/ Julia S. Bruce
Julia S. Bruce
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-0451
(312) 744-6566 (Fax)
Atty. No. 06273493