**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MAURICE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 C 2936 |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | JUDGE DER-YEGHIAYAN |
| Chicago Police Officers | ) | |
| KEVIN EBERLE, Star 20817, | ) | Magistrate Judge Denlow |
| BRIAN FORBERG, Star 21249, | ) | |
| THOMAS KELLY, Star 20229, and | ) | |
| JOHN FOSTER, Star 20288, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO COMPEL PLAINTIFF
TO RESPOND TO DISCOVERY AND TO SET A DATE
CERTAIN FOR PLAINTIFF TO APPEAR FOR DEPOSITION**

Defendants, City of Chicago, and Chicago Police Detective Kevin Eberle, Brian Forberg,

Thomas Kelly, and John Foster, (referred to herein as "Defendants"), by and through one of their

attorneys, Julia S. Bruce, Assistant Corporation Counsel, respectfully move this Court pursuant

to Rule 37(d) to compel Plaintiff to respond to written discovery in the manner described below

and to order Plaintiff to appear for deposition by July 9, 2010, or be barred from testifying at

trial. In support of this motion, Defendants state as follows:

1.      On May 21, 2008, Plaintiff filed a complaint against Defendants alleging

violations of his federal constitutional rights. See Dock. at 1.

2.      On December 9, 2008 this Court dismissed this case without prejudice pending

resolution of the underlying criminal matter. See Dock. at 21.

3.      On November 17, 2009, the case was reinstated on Plaintiff's motion. See Dock.

at 25. On February 1, 2010 the parties filed a Status Report in which fact discovery is set to

close on September 1, 2010. See Dock. at 31. On February 2, 2010, at the initial status hearing, the Court adopted the proposed scheduling order. See Dock. at 32.

4.      Defendants propounded written discovery upon Plaintiff on February 23, 2010, and sent out a notice of deposition for Plaintiff to appear for deposition on March 25, 2010.

5.      Plaintiff's counsel cancelled the March 25, 2010 deposition, indicating that Plaintiff would need more time to complete the written discovery.

6.      On April 5, 2010, Defendants issued a second notice of deposition for Plaintiff to appear for deposition on May 20, 2010. The undersigned also sent a letter informing Plaintiff's counsel that Plaintiff's answers to written discovery were now overdue and requested Plaintiff's counsel contact the undersigned as to when written discovery would be received from Plaintiff. See letter dated April 5, 2010, attached hereto as Exhibit 1.

7.      On May 11, 2010, Plaintiff's counsel called and cancelled the deposition of Plaintiff scheduled for May 20, 2010, and indicated that Plaintiff would be coming in the following week to answer written discovery. Plaintiff's counsel also indicated that once Plaintiff's counsel met with Plaintiff they would contact Defendants to reschedule the deposition. See letter dated May 11, 2010, attached hereto as Exhibit 2.

8.      On or about May 18, 2010, the undersigned again spoke with counsel for Plaintiff, who confirmed that Plaintiff would be coming in that week to answer written discovery and that they would contact Defendants to reschedule the deposition.

9.      As of May 28, 2010, Plaintiff's counsel had not contacted Defendants to reschedule Plaintiff's deposition and Defendants were still not in receipt of Plaintiff's answers to written discovery. See letter dated May 28, 2010, attached hereto as Exhibit 3.

10.     On June 7, 2010, the undersigned spoke with counsel for Plaintiff, who indicated that they have been unable to contact Plaintiff in order to answer written discovery and to set a date certain for Plaintiff's deposition.

11.     As of the date of this filing, Plaintiff's answers to written discovery are more than two months overdue and Plaintiff still has failed to appear for his deposition.

12.     Counsel for Defendants has fully complied with the obligations under Local Rule 37.2 to engage in personal consultation with Plaintiff's counsel and has made good faith attempts to resolve the aforementioned discovery disputes prior to the filing of this motion. Numerous phone calls, letters and personal exchanges have been undertaken in this case, all to no avail. At this juncture, the Court's intervention is necessary.

13.     Fact discovery in this matter is ordered to close on September 1, 2010. Plaintiff's delay in responding to the outstanding written discovery and failure to appear for deposition or provide dates thereof prejudices the Defendants' ability to defend themselves against Plaintiff's several claims.

**WHEREFORE**, Defendants respectfully request that this Honorable Court grant the instant motion and provide the following relief:

(1) compel Plaintiff to respond to written discovery within forty-eight (48) hours of entry of an order granting the instant motion;

(2) order Plaintiff to appear for deposition to commence not later than July 9, 2010 or otherwise be barred from testifying at trial;

(3) assess the costs for bringing the instant motion against Plaintiff;

(4) assess attorneys' fees against Plaintiff; and

(5) order such other relief as this Court deems just and appropriate.

Respectfully submitted,

/s/ Julia S. Bruce
Julia S. Bruce
Assistant Corporation Counsel

30 North LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744 – 0451
Atty. No. 06273493