**FILED**

**SEPTEMBER 22, 2010**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

VMJ

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MAURICE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 2936 |
| | ) | |
| vs. | ) | Judge Der-Yeghiayan |
| | ) | Magistrate Judge Denlow |
| CITY OF CHICAGO, | ) | |
| Chicago Police Officers | ) | |
| KEVIN EBERLE, Star 20817, | ) | Jury Demand |
| BRIAN FORBERG, Star 21249, | ) | |
| THOMAS KELLY, Star 20229, and | ) | |
| JOHN FOSTER, Star 20288, | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983.

2.      Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**Parties**

4.      Plaintiff is a resident of Chicago, Illinois.

5.      Defendant-Officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6.      The Defendant-Officers are sued in their individual capacities.

7.      Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**Facts**

8.      On May 22, 2006, at about 9:40 pm, Plaintiff MAURICE WILLIAMS was a passenger in a car driving westbound on 70th Avenue near Prairie Avenue in Chicago, Illinois.

9.      At said time and place, Defendant-Officers EBERLE and FORBERG were on patrol.

10.     Defendants EBERLE and FORBERG curbed Plaintiff's car at or near 244 East 70th Street.

11.     Plaintiff exited the car and ran from the scene.

12.     At this time while Plaintiff was running, Plaintiff did not have any weapons on him.

13.     Defendants EBERLE and FORBERG chased Plaintiff.

14.     Plaintiff ran east on 70th Street as Defendants EBERLE and FORBERG gave chase.

15.     Defendants EBERLE and FORBERG fired multiple rounds at Plaintiff as he ran.

16.     Plaintiff was shot by Defendants EBERLE and FORBERG.

17.     Plaintiff was eventually taken into custody at or near 6923 South Prairie.

18.     No guns were recovered from Plaintiff when he was taken into custody. No guns were recovered in the vicinity of 6923 South Prairie.

19.     An ambulance was called because of Plaintiff's gunshot wounds and injuries.

20.     An ambulance came and transported Plaintiff to Christ Hospital.

21.     Plaintiff had surgery at Christ Hospital.

22.     Defendants EBERLE, FORBERG, KELLY and FOSTER acted together to cover up and justify the shooting of Plaintiff.

23.     Defendant FOSTER testified at a "round table" that he rode in the ambulance with Plaintiff. FOSTER falsely claimed that Plaintiff stated that he pointed a "long gun" and a handgun at Defendants EBERLE and FORBERG.

24.     KELLY met with Plaintiff at Christ Hospital. Defendant KELLY falsely claimed that the Plaintiff admitted to pointing a rifle and a handgun at Defendants EBERLE and FORBERG.

25.     Defendant-Officers EBERLE and FORBERG charged Plaintiff with two counts of aggravated assault for allegedly pointing guns at the officers. The case was docketed in the Circuit Court of Cook County as People v. Maurice Williams, 06 CR 14791.

26.     The Defendant-Officers lacked probable cause for these charges.

27.     Following a jury trial on September 14-17, 2009, Plaintiff was found not guilty on both counts of aggravated assault.

28.     Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

29.     As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of physical liberty, emotional distress, physical pain and suffering, and pecuniary damages including medical expenses.

## COUNT I
### (42 U.S.C. § 1983 – Excessive Force)

30.     Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

31.     Defendants EBERLE and FORBERG violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)     Enter judgment against Defendant-Officers EBERLE and FORBERG,

b)     Award Plaintiff compensatory and punitive damages,

c)     Award attorneys' fees and costs, and

d)     Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Civil Conspiracy)

32.     Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

33.     Defendant-Officers EBERLE, FORBERG, KELLY and FOSTER  knowingly and intentionally schemed and worked together in a common plan to justify the excessive force used against Plaintiff

34.     Defendant made out false and incomplete official reports and gave a false and incomplete version of the event to other police officers investigating the incident in order to cover up their own misconduct.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)     Enter judgment against Defendant-Officers,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (State Law Claim for Malicious Prosecution)

35.     Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

36.     Defendant-Officers Eberle and Forberg instituted charges against Plaintiff for aggravated assault.

37.     There was not probable cause for such charges.

38.     The charges were terminated in a manner favorable to Plaintiff.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant-Officers Eberle and Forberg,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

39.     The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

40.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.


**Jury Trial Demanded**

Respectfully submitted,

/s/ Lawrence V. Jackowiak
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Adele D. Nicholas
Jackowiak Law Offices
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595