IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **08 C 2936** |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | JUDGE FEINERMAN |
| Chicago Police Officers | ) | |
| KEVIN EBERLE, Star 20817, | ) | Magistrate Judge Denlow |
| BRIAN FORBERG, Star 21249, | ) | |
| THOMAS KELLY, Star 20229, and | ) | |
| JOHN FOSTER, Star 20288, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES
AND JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

**FIRST AMENDED COMPLAINT**

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983.

   **ANSWER:** Defendants admit the allegations contained in this paragraph.

2. Jurisdiction for Plaintiffs federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

   **ANSWER:** Defendants admit that jurisdiction is proper but deny that they engaged in any wrongful or illegal conduct.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

   **ANSWER:** Defendants admit that venue is proper but deny that they engaged in any wrongful or illegal conduct.

1

## Parties

4. Plaintiff is a resident of Chicago, Illinois.

**ANSWER:** Upon information and belief, Defendants admit the allegations contained in this paragraph.

5. Defendant-Officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

6. The Defendant-Officers are sued in their individual capacities.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

## Facts

8. On May 22, 2006, at about 9:40 pm, Plaintiff MAURICE WILLIAMS was a passenger in a car driving westbound on 70th Avenue near Prairie Avenue in Chicago, Illinois.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

9. At said time and place, Defendant-Officers EBERLE and FORBERG were on patrol.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

10. Defendants EBERLE and FORBERG curbed Plaintiff's car at or near 244 East 70th Street.

**ANSWER:** Defendants admit that Defendants Eberle and Forberg curbed Plaintiff's vehicle on the 200 block of East 70th Street.

11. Plaintiff exited the car and ran from the scene.

**ANSWER:** Defendants admit that at some point Plaintiff exited the vehicle and pointed a rifle in the direction of Defendants Eberle and Forberg. Defendants admit that Plaintiff ran from the vehicle while pointing a rifle at Defendants Eberle and Forberg. Defendants deny any remaining allegations contained in this paragraph.

12. At this time while Plaintiff was running, Plaintiff did not have any weapons on him

**ANSWER:** Defendants deny the allegations contained in this paragraph.

13. Defendants EBERLE and FORBERG chased Plaintiff.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

14. Plaintiff ran east on 70th Street as Defendants EBERLE and FORBERG gave chase.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

15. Defendants EBERLE and FORBERG fired multiple rounds at Plaintiff as he ran.

**ANSWER:** Defendants admit that after Plaintiff pointed a handgun at Defendants Eberle and Forberg, and in fear for their lives, Defendants Eberle and Forberg fired in the direction of Plaintiff.

16. Plaintiff was shot twice by Defendants EBERLE and FORBERG.

**ANSWER:** Defendants deny the chronology implied by the preceding paragraph. Defendants admit Plaintiff was shot twice. Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

17. Plaintiff was eventually taken into custody at or near 6923 South Prairie.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

18. No guns were recovered from Plaintiff when he was taken into custody. No guns were recovered in the vicinity of 6923 South Prairie.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

19. An ambulance was called because of Plaintiff's gunshot wounds and injuries.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

20. An ambulance came and transported Plaintiff to Christ Hospital.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

21. Plaintiff had surgery at Christ Hospital.

**ANSWER:** Upon information and belief, Defendants admit the allegations contained in this paragraph.

22. Defendants EBERLE, FORBERG, KELLY and FOSTER acted together to cover up and justify the shooting of Plaintiff.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

23. Defendant FOSTER testified at a "round table" that he rode in the ambulance with Plaintiff. FOSTER falsely claimed that Plaintiff stated that he pointed a "long gun" and a handgun at Defendants EBERLE and FORBERG.

**ANSWER:** Defendants admit that Defendant Foster rode in the ambulance with Plaintiff. Defendants deny the remaining allegations contained in this paragraph.

24. KELLY met with Plaintiff at Christ Hospital. Defendant KELLY falsely claimed that the Plaintiff admitted to pointing a rifle and a handgun at Defendants EBERLE and FORBERG.

**ANSWER:** Defendants admit that at some point Defendant Kelly met with Plaintiff at Christ Hospital. Defendants deny the remaining allegations contained in this paragraph.

4

25. Defendant-Officers EBERLE and FORBERG charged Plaintiff with two counts of aggravated assault for allegedly pointing guns at the officers. The case was docketed in the Circuit Court of Cook County as People v. Maurice Williams, 06 CR 14791.

**ANSWER:** Defendants admit that Plaintiff was charged with two counts of aggravated assault, among other charges. Defendants deny that they charged Plaintiff with the two counts of aggravated assault as it is the Cook County State's Attorney's Office that brought criminal charges against Plaintiff. Defendants admit the remaining allegations contained in this paragraph.

26. The Defendant-Officers lacked probable cause for these charges.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

27. Following a jury trial on September 14-17, 2009, Plaintiff was found not guilty on both counts of aggravated assault.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

28. Each individual Defendant-Officer acted willfully, wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

29. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of physical liberty, emotional distress, physical pain and suffering, and pecuniary damages including medical expenses.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

## COUNT I
### (42 U.S.C. § 1983 - Excessive Force)

30. Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

**ANSWER:** Defendants restate their answers to paragraphs 1 through 29 as if fully set forth herein.

5

31. Defendants EBERLE and FORBERG violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

## COUNT II
### (42 U.S.C. § 1983 - Civil Conspiracy)

32. Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

**ANSWER:** Defendants restate their answers to paragraphs 1 through 29 as if fully set forth herein.

33. Defendant-Officers EBERLE, FORBERG, KELLY AND FOSTER knowingly and intentionally schemed and worked together in a common plan to justify the excessive force used against Plaintiff.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

34. Defendant made out false and incomplete official reports and gave a false and incomplete version of the event to other police officers investigating the incident in order to cover up their own misconduct.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

## COUNT III
### (State Law Claim for Malicious Prosecution)

35. Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

**ANSWER:** Defendants restate their answers to paragraphs 1 through 29 as if fully set forth herein.

36. Defendant-Officers Eberle and Forberg instituted charges against Plaintiff for aggravated assault.

**ANSWER:** Defendants deny that they instituted charges against Plaintiff as it is the Cook County State's Attorney's Office that brought criminal charges against Plaintiff.

37. There was not probable cause for such charges.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

38. The charges were terminated in a manner favorable to Plaintiff.

**ANSWER:** Defendants deny that all charges against Plaintiff in <u>People v. Maurice Williams</u>, case number 06 CR 14791, were terminated in a manner favorable to Plaintiff and thus deny the allegations contained in this paragraph.

## COUNT IV
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

39. The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER:** Defendants admit that the Defendant-Officers acted within the scope of their employment at all times relevant to Plaintiff's First Amended Complaint but deny the remaining allegations contained in this paragraph.

40. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the Defendant-Officers' actions.

**ANSWER:** Defendants deny that Plaintiff has accurately and completely stated the City's potential liability, if any, and therefore denies the allegations contained in this paragraph.

WHEREFORE, Defendants City of Chicago, Kevin Eberle, Brian Forberg, Thomas Kelly, and John Foster request that this Court enter judgment in their favor on Plaintiff's First Amended Complaint, award Defendants costs and fees as allowed by law, and grant further relief as this Court deems just and proper.

**AFFIRMATIVE DEFENSES**

1. At all times relevant to the events alleged in Plaintiff's Complaint, a reasonably competent police officer, objectively viewing the facts and circumstances then confronting Defendants, could have believed that the actions taken by them were objectively reasonable and were within constitutional limits that were clearly established at the time. Defendants, therefore, are entitled to qualified immunity as a matter of law.

2. Where Defendants may be liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the willful and wanton or other wrongful conduct of Plaintiff's which were the proximate cause of these injuries and damages.

3. Under the Illinois Tort Immunity Act, the Defendants are not liable for the claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202.

4. Under the Illinois Tort Immunity Act, the Defendants are not liable for the allegations because a public employee, as such and acting within the scope of his or her employment, is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

5. Under the Illinois Tort Immunity Act, Defendants are not liable for any of the claims alleged because the decision as to what action to take with regard to the Plaintiff was a discretionary decision for which the City and its employees are immune from liability. 745 ILCS 10/2-201.

6. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

7. The City is not liable to Plaintiff if its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109.

## JURY DEMAND

Defendants request a trial by jury.

          Respectfully submitted,

          MARA S. GEORGES
          Corporation Counsel
          City of Chicago

BY: /s/ Thomas J. Aumann
     THOMAS J. AUMANN
     Assistant Corporation Counsel

City of Chicago, Department of Law
Federal Civil Rights Litigation Division
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-7630 (Phone)
(312) 744-6566 (Fax)
Atty. No. 06282455

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MAURICE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **08 C 2936** |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | JUDGE FEINERMAN |
| Chicago Police Officers | ) | |
| KEVIN EBERLE, Star 20817, | ) | Magistrate Judge Denlow |
| BRIAN FORBERG, Star 21249, | ) | |
| THOMAS KELLY, Star 20229, and | ) | |
| JOHN FOSTER, Star 20288, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

To: Adele Nicholas
Law Offices of Lawrence V. Jackowiak
20 North Clark Street
Suite 1700
Chicago, Illinois 60602
anicholas@jackowiaklaw.com

PLEASE TAKE NOTICE that on October 27, 2010, the City of Chicago will file its answer, defenses and jury demand to Plaintiff's complaint, with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division. A copy of that document is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered, via electronic filing, to the person named above at the address shown this 27th day of October, 2010.

10

<u>/s/ Thomas J. Aumann</u>
THOMAS J. AUMANN
Assistant Corporation Counsel

City of Chicago, Department of Law
Federal Civil Rights Litigation Division
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-7630 (Phone)
(312) 744-6566 (Fax)
Atty. No. 06282455

11